MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
        Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>JOHN GREGORY ALEXANDER HERRIN,<br><br>         Defendant. | **CR 16-15-H-SEH**<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF HIS OPPOSED MOTION TO SUPPRESS** |

## I.  INTRODUCTION

Defendant has filed a motion to suppress evidence (ECF No. 13). which was previewed to and opposed by the government, through Assistant United States Attorney Timothy Racicot. The central focus of the motion is that the Indictment brought by the government in this case rests on the factual proposition that defendant, Mr. Herrin, an employee of GardaWorld, stole approximately $390,000

from a GardaWorld armored truck on or about November 20, 2013. Unfortunately, however, the government (by design) elected not to charge that separate offense, which is bank theft under 18 U.S.C. §2113(b).

Accordingly based on the arguments set forth below defendant seeks an order from this Court that will bar and suppress any evidence proposed or offered by the government at trial that would suggest, imply or indicate in any manner (whether by circumstantial proof or direct proof) that defendant, Mr. Herrin, took the $390,000 from the GardaWorld armored truck. Which again is a discrete violation of 18 U.S.C. §2113(b) that the government chose not to indict; and which cannot be indicted now by operation of 18 U.S.C. §3282(a) and the due process and grand jury clauses of the Fifth Amendment to the United States Constitution.

## II. ARGUMENTS

**(A)** *The Government's theory of the case*

Although the Indictment itself alleges no factual context it is apparent from the discovery that the government's theory in this case is that Mr. Herrin's guilt can be inferred from the fact that he stole the money from the GardaWorld armored truck on November 20, 2013. Moreover, unable to uncover any direct evidence that Mr. Herrin stole the money from the armored truck the government further intends to rest its case on that fact that sometime in January of 2014 defendant traveled to Las Vegas, Nevada and subsequent to that trip deposited a check in his Montana Wells

Fargo checking account (drawn by a Las Vegas casino) in the amount of $127,000. Also the discovery shows that on January 30, 2014, defendant deposited a substantial number of $20 dollar bills in that same Wells Fargo account, which we expect the government will contend was the principle denomination of currency taken from the GardaWorld truck in or around November 20, 2013. And finally, although defendant has never confessed to any crime, there is discovery which claims Mr. Herrin discussed with a co-worker from GardaWorld that entry into some of the GardaWorld armored trucks could be accomplished without keys with relative ease.

**(B)** *The government's proposed evidence raises two independent theories of how the money could be considered "stolen" within in the meaning of 18 U.S.C. §2314.*

It is reasonably apparent that the United States intends to advance two lines of argument to the jury. First, that in a general sense, *and without specifically naming defendant as the thief*, that the money went missing and should be considered "stolen" as that term in 18 U.S.C. §2314 has been interpreted by the Supreme Court. And second, as an independent matter, that defendant was actually the thief. It is the differences between these two theories, and the government's obligations to deal with them discretely before and during trial, that we intend to discuss here.

First, since at least 1957 the Supreme Court has interpreted the term "stolen", as used in federal criminal statutes, rather broadly. The leading case is *United States*

*v. Turley*, 352 U.S. 407 (1957). There, the court construed the word "stolen" as used in the National Motor Vehicle Theft Act, NMVTA, (18 U.S.C. §2312), which is the same way the term is used in the National Stolen Property Act, NSP; the charge the government has brought here under Count I, and which forms the basis for Counts II-XIII.[1] Under *Turley*, the court resolved two questions.

First, whether when interpreting the word "stolen" in the NMVTA the government is obliged to prove that the vehicle had been stolen under the relevant state law. The *Turley* court quickly answered this question in the negative.

Next the *Turley* court considered whether the government was obliged to prove common law larceny in order to satisfy the "stolen" element as set forth in the NMVTA. In *Turley* the defendant had taken possession of a car lawfully but subsequently converted it to his own use, which at common law would <u>not</u> have been larceny but only embezzlement. In finding for the government and reading the term "stolen" expansively the Supreme Court took pains to abolish all of the archaic nuances between larceny, embezzlement and obtaining property by false pretenses. But make no mistake "[e]ven under the broad definition in *Turley*, stealing is still essentially *an offense* against another person's proprietary or possessory interests in

---

[1] In enacting the NSPA the Congress's intent was "[t]o extend the provisions of the [NMVTA] to other stolen property." 48 Stat. 794.

property." *See e.g. United States v. Long Cove Seafood, Inc.*, 582 F.2d 159, 163 (2nd Cir. 1978).

Thus the key take-away here is that in the federal statutes where Congress employs the term "stolen" that term functions as an umbrella device for all manner of theft offenses, so as not to hamstring the government in having to prove some particular species of theft. This makes sense considering that there is more than one way for money or property to be deemed "stolen" within the meaning of the law. Furthermore, a broad interpretation of the term "stolen" likewise permits the government to prove that it was conduct or circumstances caused by others (other than the defendant) which resulted in the money or property being deemed "stolen" within the meaning of the statute.

This case is a perfect example. Consider that the GardaWorld investigators concluded that the armored truck drivers making the Missoula run from Helena took the money as a crime of opportunity. Under this theory of guilt, the government does not allege that defendant himself took the money; but only that other drivers committed the theft and that defendant subsequently moved that very same money in interstate commerce, knowing that his co-worker committed the crime. In fact, we contend that this is Count I as alleged in the Indictment.

On the other hand, the government could proceed on the theory of guilt that it was indeed defendant who committed the theft. Under this scenario the evidence

picture changes profoundly because the government contends that, not only did Mr. Herrin transport money stolen by others in commerce from one state to another, he was also the individual who took the money from the GardaWorld armored truck in the first place. This of course involves a different set of legal facts and elements because it forces an obligation on the government to actually prove beyond a reasonable doubt that Mr. Herrin took the money to render it "stolen" within the meaning of 18 U.S.C. §2314. *See e.g. Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21 (2000) (burden of proof is an essential element of every claim and one who asserts the claim is entitled to the burden of proof that normally comes with it).

Thus we urge the Court to take notice by contrast that in this case the government has indicted Mr. Herrin for the first hypothetical (a person other than the defendant stole the money); *however* it intends to advance at trial the second factual iteration that it was the defendant himself who stole the funds. Unfortunately, defendant has not been indicted for the latter crime, bank theft.

Here we level attack on the procedure the government intentionally followed in this case based on the rights inherent in the constitutional guarantee of indictment by grand jury. The Fifth Amendment expressly guarantees that prosecutions for serious crime may only be instituted by indictment. An indictment has two important purposes. To furnish notice to the accused of the charges being brought against him and to outline with requisite specificity the offense with which the defendant is

charged in order to protect against future jeopardy for the same offense. *Russell v. United States*, 369 U.S. 749, 763-764 (1962). More expressly ". . . [T]he very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960).

For this reason, a grand jury composed of ordinary citizens must agree upon an indictment before a defendant is tried on a felony charge:

> Historically, [the grand jury] has been regarded as a primary security to the innocent against hasty malicious and oppressive prosecution . . . to determine whether a charge is founded upon reason . . .
>
> > *Wood v. Georgia*, 370 U.S. 375, 390 (1962).

An individual must also be adequately informed of the nature of the §2314 offense he is charged with. *United States v. Bruun*, 809 F.2d 397, 405 (7th Cir. 1987).

In this case the Indictment does not allege that defendant was the thief. However, the discovery clearly expresses that Mr. Herrin's guilt can be inferred from his trip to Las Vegas and his banking activity. *Cf. United States v. Tasy*, 203 F.3d 1060, 1062 (8th Cir. 2000) (although not clear court surmises that the government contends that defendants guilt for § 2314 offense can be inferred from fact that they were involved in shipping stolen computers). Hence there are two problems here.

First that the government intends to prove a case it did not charge. And second the inferential reasoning chain that the government intends to employ at trial is faulty. We now address these questions in the same order.

**(C)** *When a charged federal offense includes as an element another federal offense that can be punished separately under the Supreme Court's decision in Whalen v. United States (cite omitted) that separate offense must be charged independently.*

In *Whalen v. United States*, 445 U.S. 684 (1980) the Supreme Court addressed a situation where the defendant, under District of Columbia law, was convicted of murder during the course of a rape. The question presented was whether the defendant could be punished for both rape and murder. Employing standard interpretative tools and the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932) the Court concluded that because the combined offenses (rape and murder) did <u>not</u> each contain an element that the other offense did not those offenses (rape and murder) could not be punished separately. At a glance the *Whalen* decision would appear to add little to the discussion here. However important features in the *Whalen* court's analysis prefigure the outcome for this motion.

Much like the situation presented here with regard to the element of the money or property having to be "stolen" the situation in the *Whalen* case presented a similar legal paradigm. Under the statute at issue in *Whalen* (D.C. Code § 22-2401) killing another in the course of a rape, robbery, kidnaping or arson was a violation of the law. 445 U.S. at 694. As for killing in the course of a rape however the Supreme

Court makes a *fine* distinction under the *Blockburger* test that murder in the course of a rape would be a single, same offense when the two component offenses are broken down into individual parts; whereas murder in the course of a robbery would not. *Id.* And the reason is that in proving a felony murder/rape as opposed to just a rape, each offense does <u>not</u> require proof of an element that the other does not.

On the other hand, murder in the course of rape and robbery would require proof of two independent offenses because each offense (felony murder/rape and robbery) would require proof of an element that the other did not. Therefore, the *Whalen* decision cogently teaches that where a statute contains multiple alternative bases for liability, each basis for liability should be treated as though they were charged in a separate statute, if the offenses charged satisfy the *Blockburger* test. *Whalen*, *supra*, 445 U.S. at 694. *Also see United States v. Stafford, 831 F.2d* 1479, 1482 (9th Cir. 1987) (citing Whalen and recognizing rule that in a compound felony case where there are multiple possibilities for the predicate felony each predicate should be deemed as arising under a separate statute).

The logic of the *Whalen/Stafford* analysis applies here because the "stolen" element in §2314 is not limited to a particular species of theft, since under the *Turley* rule "stolen" embraces without distinction larceny, embezzlement, taking by false pretenses, etc. Yet under *Whalen/Stafford* where the predicate manner of the theft that the government desires to argue is itself a *federal offense* the government is not

at liberty to relieve itself of its constitutional obligation to indict such an offense. Put another way, the government cannot take shelter under the *Turley* rule's expansive interpretation of the "stolen" element in §2314 because under the *Whalen/Stafford* paradigm when one of those several predicate offenses that renders the money "stolen" *happens to be a federal offense* the government is required to indict it under the Fifth Amendment grand jury clause.

If the government intends to prove that the "stolen" money transported in interstate commerce is the very same money the government intends to argue defendant took from the GardaWorld armored truck then the government was obliged under 18 U.S.C. §3282 and the Fifth Amendment due process clause to indict defendant in a separate count for violation of 18 U.S.C. §2113(b). This follows because as footnote 2 below shows transportation of stole money (§2314) and bank

theft (§2113(b)) are separate offense under *Blockburger*, since each offense contains an element that the other does not.[2]

Title 18 U.S.C. §3282 expressly provides that an individual cannot be ". . . prosecuted, tried or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have be committed." According to the Supreme Court this type of limitation serves several critical purposes:

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may become obscured by the passage of time and to minimize the danger of official punishment because the acts in the far-distant past.

---

[2] Transportation of stolen property in violation of 18 U.S.C. §2314 has four elements.:

(1) defendant transported goods or money in commerce;
(2) the value was above $5000;
(3) the goods/money was stolen;
(4) defendant knew goods/money was stolen at the time of transport.

*United States v. Tasy*, 203 F.3d 1060, 1062 (8th Cir. 2000).

Bank theft under 18 U.S.C. §2113(b) has the following elements:

(1) defendant carried away money belonging to a bank;
(2) the bank had its deposits insured by the FDIC;
(3) defendant had the intent to steal;
(4) the amount of money was more than $1000.00.

Criminal Pattern Jury Instructions: Tenth Circuit, No. 2.78 (2011 ed.); Pattern Jury Instructions: Fifth Circuit, No. 2.80B (2015 ed.) (Bank Burglary-Elements).

*Toussie v. United States*, 397
U.S. 112, 114-15 (1970).

*See also United States v. Marion*, 404 U.S. 307, 322 (1971) (statutes of limitation "provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced"). Because of these important considerations, statute of limitations are "to be liberally interpreted in favor of repose." *Toussie*, 397 U.S. at 115.

Since the money was taken from an armored truck on or about November 20, 2013 in Missoula and the government intends to argue that Mr. Herrin was the thief Mr. Herrin should have been indicted for a separate violation of federal law for bank theft of the armored truck. *See* 18 U.S.C. §2113(b). *See United States v. King*, 178 F.3d 1376, 1377 (11th Cir. 1999); *United States v. Mafnas*, 701 F.2d 83, 85 (9th Cir. 1983) (armored car theft by armored car driver is theft from bank and covered by 18 U.S.C. §2113(b)). Moreover, the government's failure to charge a separate violation of §2113(b) results in defendant having gained the "right not to be tried" for robbing the truck and any evidence the government intends to proffer at trial to prove that contention ought to be excluded pretrial. *See e.g. Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802 (1989) (recognizing that lack of grand jury indictment gives rise to a constitutional right not to be tried).

**(D)** *If defendant is not on trial for bank theft evidence tending to show defendant was the thief is not relevant.*

Assuming the Court acts favorably on this motion it would be error to admit evidence tending to show that defendant was the thief. Evidence is relevant under Fed. R. Evid. 401 if it tends to make a fact more or less probable and is of consequence in determining the action. If there is no trial casting defendant as the thief any evidence of defendant's travels to Las Vegas, banking activities or statements regarding the ease with which armored trucks can be broken into would be irrelevant and/or more prejudicial than probative under Rule 403. Furthermore, under the rule set forth in *Opper v. United States*, 348 U.S. 84 (1954) defendant's statements would be considered inadmissible, until the proof shows that the criminal conduct at the core of the offense the government is trying to prove actually occurred.

The *corpus delicti*—or "*Opper*"—rule was developed in the context of criminal prosecutions and their attendant heightened protections for defendants. *Opper* imposes two evidentiary requirements before a defendant's confession/admission can be used as the basis for conviction. First, the government "must introduce sufficient evidence to establish that the criminal conduct at the core of the offense has occurred." *United States v. Lopez–Alvarez*, 970 F.2d 583, 592 (9th Cir.1992). This foundation ensures that convictions are not based on confessions to

nonexistent crimes. *Id.* "Second, [the government] must introduce independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable." *Id.* This additional requirement ensures that defendants are not convicted for making false confessions to crimes committed by others. "[O]nly when both [of] these prongs are satisfied will a jury be 'sufficiently justified' in believing the truth of a criminal admission; only then will the evidence be deemed sufficient in a case in which the conviction depends in part on such admission." *Id.*

## III. CONCLUSION

WHEREFORE defendant prays the Court will consider his motion (ECF No. 13), hold a hearing if necessary and grant defendant appropriate relief.

RESPECTFULLY SUBMITTED this 12th day of December, 2018.

_/s/ Michael Donahoe_ _____
MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on December 12, 2018, a copy of the foregoing document was served on the following persons by the following means:

  1    CM-ECF

_____Mail

1.      CLERK, UNITED STATES DISTRICT COURT

1.      Timothy J. Racicot
        Deputy Criminal Chief
        U.S. Attorney's Office
        District of Montana
        P.O. Box 8329
        Missoula, MT  59807


                         /s/ Michael Donahoe
                        MICHAEL DONAHOE
                        Deputy Federal Defender