MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
      Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN GREGORY ALEXANDER HERRIN,<br><br>Defendant. | **CR 16-15-H-SEH**<br><br>**DEFENDANT HERRIN'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION**<br><br>**(CLEAN COPY)** |

COMES NOW the defendant John Gregory Alexander Herrin, by and through his undersigned counsel, and submits the attached proposed jury instruction marked as Herrin's Proposed Instruction No. 1.

RESPECTFULLY SUBMITTED this 7th day of January, 2019.

                                 /s/ Michael Donahoe_____
                                MICHAEL DONAHOE
                                Deputy Federal Defender
                                Federal Defenders of Montana
                                Counsel for Defendant

## CERTIFICATE OF SERVICE
### L.R. 5.2(b)

I hereby certify that on January 7, 2019, a copy of the foregoing document

was served on the following persons by the following means:

    1    CM-ECF

_____Mail

1.     CLERK, UNITED STATES DISTRICT COURT

1.     Timothy J. Racicot
       Deputy Criminal Chief
       U.S. Attorney's Office
       District of Montana
       P.O. Box 8329
       Missoula, MT  59807


                           /s/ Michael Donahoe
                          MICHAEL DONAHOE
                          Deputy Federal Defender

Federal Defenders of Montana
50 West 14th Street, Suite 1
Helena, Montana 59601
(406) 449-8381

2

**Instruction No. _____**

During the course of this trial certain evidence has been presented concerning alleged transactions in addition to those charged in the indictment, to wit, suspicious banking activity reports, statements of the defendant, bank records, accounting analysis of defendant's banking activity, defendant's ability to break into the armored trucks etc.

This evidence, if you choose to accept it, is admitted for the limited purpose of assisting you in determining the (*insert government's alleged 404(b) purposes*) with which a defendant may have acted. In this regard, you are instructed that evidence of any alleged other transaction may not be considered by the jury in determining whether an accused committed the acts or participated in the activity alleged in the indictment.

Nor may evidence of such an alleged other transaction be considered for any other purpose whatever unless the jury first finds that the other evidence in the case, standing alone, establishes beyond a reasonable doubt that the accused participated in the activity alleged in the indictment.

If the jury should find beyond a reasonable doubt from independent evidence in the case that the accused participated in the activity alleged in the indictment, then the jury may consider evidence as to other transactions in determining (*insert*

*government's alleged 404(b) purpose*) with which the accused did the act charged in the indictment.

I want to instruct you very explicitly and unequivocally as to the very limited extent to which you may consider this evidence as to other acts and transactions.

As I just instructed you, you may consider such evidence of other transactions in determining the (*404(b) purpose*) with which the accused may have done the act charged in the indictment, but only if you first find that the independent evidence standing alone establishes beyond a reasonable doubt that the defendant committed the act alleged in the indictment.