


MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
    Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN GREGORY ALEXANDER HERRIN, <br><br> Defendant. | CR 16-15-H-SEH <br><br> **DEFENDANT'S TRIAL BRIEF** |

## INTRODUCTION

In conformity with the Court's scheduling order defendant offers the following trial brief.

## BACKGROUND

From previous papers the Court is acquainted with the facts alleged in this case. (ECF Nos. 13, 14, 17, and 20). Defendant worked as an armored truck

driver/messenger for GardaWorld. On November 20, 2013 money apparently went missing, which GardaWorld was apparently responsible for delivering to an FDIC bank. Defendant had nothing to do with that delivery and ". . . the indictment contains no allegation that [defendant] did or did not take the cash off the Garda truck" (ECF No. 17, pg. 13, *last sentence of footnote*). Despite the fact that the government elected not to charge defendant with actually taking the money, it nevertheless intends to put proof on at trial that defendant was the actual thief. Broadly speaking this proof falls into five categories:

> First, that defendant had suspicious banking activity reports lodged against him.

> Second, that defendant traveled to Las Vegas, Nevada on or about January 3, 2014.

> Third, that defendant gambled while in Las Vegas.

> Fourth, that defendant allegedly knew how to break into the armored trucks.

> Fifth, that based on accounting analysis, and statements made by the defendant (in conjunction with items 1-4 above) defendant was the actor who stole the money.

The core issue in the case is whether the government's failure to indict defendant for stealing the money (a clear violation of 18 U.S.C. §2113(b)) will prove fatal to its case.

For his part defendant contends that based on the manner in which the government intends to try its case it was uncorrectable error for the government not to charge defendant as the actor who took the money. Uncorrectable because the money was supposedly taken on November 20, 2013 and the statute of limitations of five years (*per* 18 U.S.C. §3282) has expired, prohibiting the government from charging defendant as the thief now. Moreover, absent grand jury indictment charging defendant as the thief defendant has a constitutional right not to be tried before the petite jury as the thief. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802 (1989) (lack of grand jury indictment implicates constitutional right not to be tried); *United States v. Yellow Freight Sys., Inc.*, 637 F.2d 1248, 1251 (9th Cir. 1980) (assertion of right not to be tried due to lack of indictment immediately appealable because allowing trial to proceed will not facilitate consideration of the claim).

The government seems to think that showing that defendant was the thief is permissible under Count I. (*See* ECF No. 17, pgs. 11-15). The government's main contention is that evidence that defendant was the thief goes to prove that the money was "stolen", an element of Count I. What the government fails to recognize however is that its failure to indict defendant for being the thief, within the now expired statute of limitations, has profound consequences for how the government's evidence will need to be considered by the jury.

Without waiving his independent and separate argument that any and all evidence that defendant was the thief is inadmissible because defendant was not charged with that offense, defendant here advances the following evidentiary analysis, *which assumes but does not concede*, that it would be correct for the Court to allow the government to put on evidence that defendant was the thief. Again, for the sake of clarity and emphasis, defendant's primary argument is that all of the government's anticipated evidence (whether direct or circumstantial) is irrelevant and inadmissible because the government elected, in error, not to indict defendant for bank theft under 18 U.S.C. §2113(b). However assuming, *for purposes of this trial brief only*, that the Court admits the evidence tending to show defendant was the actual thief we analyze that hypothetical ruling as follows.

All of the government's evidence that defendant was the actual thief now comes under the heading of Federal Rules of Evidence 404(b) *vis-à-vis* Counts I-XIII. In other words the government intends to prove by way of other acts, transactions and statements that defendant stole the money in order to prove the element that the money under discussion here was "stolen", an element of Count I and/or that it involved illegal proceeds under Counts II-XIII. However, in order to use this other acts (404(b)) evidence the trial jury will have to be instructed along the following lines:

During the course of this trial certain evidence has been presented concerning alleged transactions in addition to those charged in the indictment, to wit, suspicious banking activity reports, statements of the defendant, bank records, accounting analysis of defendant's banking activity, defendant's ability to break into the armored trucks etc.

This evidence, if you choose to accept it, is admitted for the limited purpose of assisting you in determining the (*insert government's alleged 404(b) purposes*) with which a defendant may have acted. In this regard, you are instructed that evidence of any alleged other transaction may not be considered by the jury in determining whether an accused committed the acts or participated in the activity alleged in the indictment.

Nor may evidence of such an alleged other transaction be considered for any other purpose whatever unless the jury first finds that the other evidence in the case, standing alone, establishes beyond a reasonable doubt that the accused participated in the activity alleged in the indictment.

If the jury should find beyond a reasonable doubt from independent evidence in the case that the accused participated in the activity alleged in the indictment, then the jury may consider evidence as to other transactions in determining (*insert government's alleged 404(b) purpose*) with which the accused did the act charged in the indictment.

I want to instruct you very explicitly and unequivocally as to the very limited extent to which you may consider this evidence as to other acts and transactions.

As I just instructed you, you may consider such evidence of other transactions in determining the (*404(b) purpose*) with which the accused may have done the act charged in the indictment, but only if you first find that the independent evidence standing alone establishes beyond a reasonable doubt that the defendant committed the act alleged in the indictment.

*United States v. Beechum*, 582 F.2d 898, 918 (5th Cir. 1978)

Federal Defenders of Montana
50 West 14th Street, Suite 1
Helena, Montana 59601
(406) 449-8381

(footnoted instruction, as modified).

The point here is that the government's misstep in failing to indict the defendant as the thief has consequences because evidence tending to show that defendant was the thief changes in purpose. With a charge that defendant *was* the thief all the evidence that defendant was actually the one who took the money would be directly and logically relevant to that allegation under Rule 401 Fed. R. Evid. However, absent that allegation in the indictment, which is the situation here, the purpose of the evidence must change to one of the purposes listed in § 404(b)(2): motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. Moreover, under the suggested 404(b) jury instruction set forth above such 404(b) evidence (assuming but not conceding the government can articulate a legitimate 404(b) purpose) still requires the government to prove *first* by independent, relevant and admissible evidence that defendant committed the offenses alleged in Counts I-XIII *before* any 404(b) evidence could even be considered.

In this connection the defense asked the government to produce the grand jury minutes in this case without a motion. The government agreed and we received the grand jury minutes today (January 7, 2019). Examination of that transcript shows clearly that defendant was indicted based on the assumption that he was the thief

without any physical evidence that he was indeed the thief. We have submitted these grand jury minutes under seal for the Court's inspection. (*See* Grand Jury Transcript p. 23, Bates No. 001382).

## **CONCLUSION**

WHEREFORE, we pray the Court will consider and use the points developed in this brief during trial.

RESPECTFULLY SUBMITTED this 7th day of January, 2019.

      /s/ Michael Donahoe\_\_\_\_
MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on January 7, 2019, a copy of the foregoing document was served on the following persons by the following means:

  1   CM-ECF

_____ Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. Timothy J. Racicot
   Deputy Criminal Chief
   U.S. Attorney's Office
   District of Montana
   P.O. Box 8329
   Missoula, MT  59807


   /s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender