## COUNT II

On or about January 7, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN deposited $160,870 into his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT III

On or about January 9, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN deposited $26,000 into his Ameritrade account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT IV

On or about January 21, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN withdrew $30,000 from his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

3

## COUNT V

On or about January 22, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN withdrew $30,000 from his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT VI

On or about January 30, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN deposited $120,000 into his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT VII

On or about January 31, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $60,000 from his Wells Fargo Bank checking account to his Wells Fargo Bank saving account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT VIII

On or about February 4, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $34,000 from his Wells Fargo Bank checking account into his Ameritrade account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

5

## COUNT IX

On or about March 4, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $15,000 from his Wells Fargo Bank savings account to his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT X

On or about March 6, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $25,000 from his Wells Fargo Bank savings account to his Wells Fargo Bank checking account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT XI

On or about March 7, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $23,000 from his Wells Fargo Bank checking account to his Ameritrade account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT XII

On or about June 5, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $25,000 from his US Bank account to his Ameritrade account, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.

## COUNT XIII

On or about July 15, 2014, at Helena, in the State and District of Montana, the defendant, JOHN GREGORY ALEXANDER HERRIN, knowingly engaged in a monetary transaction by, through, and to a financial institution, with criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, JOHN GREGORY ALEXANDER HERRIN transferred $13,000 from his Ameritrade account to his account at Rocky Mountain Credit Union, such money having been derived from a specified unlawful activity, that being interstate transportation of stolen property described in Count I, all in violation of 18 U.S.C. § 1957.