Members of the jury, now that you have heard all the evidence, it is my duty to instruct you further on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult during deliberations.

FILED

1/16/2020

Clerk, U.S. District Court
District of Montana
Helena Division

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. The order in which the instructions are given is of no significance. All of the instructions are equally important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

You are reminded that in reaching your verdict you may consider only the testimony and exhibits received in evidence. The following are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

You have heard testimony that the Defendant made a statement. It is for you to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the Defendant may have made it.

The Defendant is charged in count I of the Indictment with the transportation of stolen property in interstate commerce in violation of Section 2314 of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant transported stolen money between one state and another;

Second, at the time the money crossed the state border, the Defendant knew it was stolen;

Third, the Defendant intended to deprive the owner of the ownership of the money temporarily or permanently; and

Fourth, the money was of the value of $5,000 or more.

The government need not prove who stole the money.

The Defendant is charged in counts II through XIII of the Indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code. In order for the Defendant to be found guilty of any one of those charges, the government must prove for each charge each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the Defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the interstate transportation of stolen property as alleged in count I of the Indictment; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank and a broker or dealer registered with the Securities and Exchange Commission.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that

the Defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the Defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of interstate transportation of stolen property.

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

The Defendant is charged in count XIV of the Indictment with attempted witness tampering in violation of Section 1512(b) (3) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly corruptly persuaded Julia Nguyen, or attempted to do so;

Second, the Defendant acted with intent to hinder, delay or prevent Julia Nguyen from communicating to law enforcement authorities information relating to the commission or possible commission of an offense;

Third, there was a reasonable likelihood that at least one of the communications targeted by the Defendant would have been made to a federal officer; and

Fourth, the information that would have been communicated related to the commission or possible commission of a federal offense.

A person acts "corruptly" if he or she acts with the purpose of wrongfully impeding the due administration of justice.

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the Defendant knew that his acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

The Indictment charges that the offenses were committed "on or about" certain dates. The proof need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

The Defendant has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the Defendant did not testify.

You are here only to determine whether the Defendant is guilty or not guilty of the charges in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

Evidence has been presented concerning certain matters and acts of the Defendant not charged in the Indictment. Evidence of such matters and acts may be considered only for its bearing, if any, on questions relevant to proof of the Defendant's intent, motive, opportunity, preparation, plan, and knowledge with which the Defendant acted and for no other purpose.

The punishment provided by law for any crime charged is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the Defendant beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A verdict form has been prepared for you and will be given to you to take to the jury room. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form, sign it and date it, and advise the bailiff that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.