IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 16-15-H-SEH |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| JOHN GREGORY ALEXANDER HERRIN, | |
| Defendant. | |

Defendant Herrin was convicted of one count of interstate transportation of stolen property and eight counts of money laundering on January 16, 2020, following a jury trial.[1] A Renewed Motion for Acquittal under Fed. R. Crim. P. 29(c), or, in the alternative, a Motion for a New Trial under Fed. R. Crim. P. 33 was filed on January 30, 2020.[2] The motion is opposed.

The Court has considered each of the several arguments advanced or renewed in support of the motion. All, in substance, were raised by Defendant's

---

[1] *See* Doc. 93.

[2] Doc. 98.

Fed. R. Crim. P. 29 motion at the close of the government's case. None, individually, warrants ordering a judgment of acquittal. Nor do the asserted grounds collectively warrant a new trial under Fed. R. Civ. P. 33.

Under Fed. R. Civ. P. 29, the Court must decide, after viewing the evidence in the light most favorable to the prosecution, "whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[3] Given the evidence produced at trial, the Court cannot say or conclude that a rational trier of fact could not have found Defendant guilty beyond a reasonable doubt of the charges for which he was found guilty.

Alternatively, the Court may grant a new trial under Fed. R. Civ. P. 33 "if the interest of justice so requires."[4] The "decision to grant or deny a new trial is within the sound discretion of the district court."[5] A motion for a new trial "should be granted 'only in exceptional cases in which the evidence preponderates heavily against the verdict.'"[6]

---

[3] *United States v. Sharif,* 817 F.2d 1375, 1377 (9th Cir. 1987) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

[4] Fed. R. Civ. P. 33(a).

[5] *United States v. Steel,* 759 F.2d 706, 713 (9th Cir. 1985).

[6] *United States v. Showalter,* 569 F.3d 1150, 1157 (9th Cir. 2009) (quoting *United States v. Pimentel,* 654 F.2d 538, 545 (9th Cir. 1981)).

Defendant has not shown that the evidence preponderates heavily against the verdict. The interests of justice do not require a new trial.

ORDERED:

Defendant's Renewed Motion for Acquittal Under Rule 29(c) Fed. R. Crim. P. and Alternative Motion for New Trial Under Rules 29(d) and 33 Fed. R. Crim. P.[7] is DENIED.

DATED this 19th day of February, 2020.

SAM E. HADDON
United States District Judge

---

[7] Doc. 93.