MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 W. 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR 16-15-H-SEH** |
| Plaintiff, | |
| vs. | **DEFENDANT HERRIN'S OPPOSED MOTION FOR RELEASE PENDING APPEAL** |
| JOHN GREGORY ALEXANDER HERRIN, | |
| Defendant. | |

## I. INTRODUCTION

John Gregory Alexander Herrin (Mr. Herrin), by and through his counsel of record, Michael Donahoe and the Federal Defenders of Montana, respectfully move this Court to stay his prison term and for release pending appeal, pursuant to 18 U.S.C. §3143(b)(1) and Rules 9 and 27 of the Federal Rules of Appellate Procedure.

Mr. Herrin submits this motion knowing that sentencing is scheduled for Monday, June 15, 2020 at 11:00 a.m. In the event this Court sentences Mr. Herrin

1

to a term of imprisonment, Mr. Herrin has prepared a notice of appeal with the Ninth

Circuit Court of Appeals and will file a notice of appeal that same day.

## II. ARGUMENT

The Bail Reform Act of 1984, Title 18 U.S.C. §3143(b)(1) provides:

[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

    (i)     reversal,
    (ii)    an order for a new trial,
    (iii)   a sentence does not include a term of imprisonment, or
    (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The seminal case in the Ninth Circuit interpreting the Bail Reform Act and its

provisions regarding release pending appeal is *United States v. Handy*, 761 F.2d

1279 (9th Cir. 1985).  In *Handy*, the Ninth Circuit held that a district court must find

the following in order to grant bail pending appeal:

    (1)    that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;
    (2)    that the appeal is not for the purpose of delay;

2

(3)  that the appeal raises a substantial question of law or fact; and

(4)  that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in [a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process].

*Handy*, 761 F.2d at 1283.  As demonstrated below, Mr. Herrin satisfies each of the

*Handy* requirements in this case.

Mr. Herrin does not pose a flight or safety risk if he is released pending appeal. In fact, Mr. Herrin was conditionally released after his initial appearance on November 29, 2018 and remained on conditional release status until the conclusion of his trial on January 16, 2020.  For over one year, then, Mr. Herrin complied with the conditions of his release (attached for this Court's convenience as Exhibit A).  In that timeframe, Mr. Herrin had no modifications to his conditions nor write-ups.  Mr. Herrin appeared for all court proceedings and kept his Probation Officer Matt Rohan apprised of all necessary matters.  While it is true the Court revoked Mr. Herrin's conditional release when he was convicted that was based on Mr. Herrin's neglecting to check in with Probation Officer Rohan on approximately nine occasions during the year Mr. Herrin was on release.  None of those failures were communicated to the Court in real time and the cumulative effect of those phone call failures shows neither possible danger to the community nor a propensity for flight from the district.

Mr. Herrin's appeal is not a delay tactic.  Rather, his appeal raises a substantial question of law and fact.  The Ninth Circuit in *Handy* concluded that a "substantial question" is one that is "fairly debatable" or "fairly doubtful."  *Handy*, 761 F.2d at 1283.  A "substantial question" was "one of more substance than would be necessary to a finding that it was not frivolous."  *Handy*, 761 F.2d at 1283.  A defendant need not demonstrate at the outset of the appellate proceedings that the appeal will probably result in an order for a new trial.  *Handy*, 761 F.2d at 1280-1281; *United States v. Garcia*, 340 F.3d 1013, 1021 (9th Cir. 2003) (under §3143(b)(1)(B), a defendant need not show a likelihood of success on appeal).  The requirement that the question be likely to result in reversal, a new trial, a non-prison sentence, or a sentence reduced to less than the time that would be served by the end of the appeal process "concerns only the type of question that meets the requirement; it does not involve assessing the likelihood that a reversal will occur in the particular case."  *Garcia*, 340 F.3d at 1021.  Thus, the defendant need not "present an appeal that will likely be successful.  She need only raise a non-frivolous issues that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions."  *Garcia*, 340 F.3d at 1021.

Here, Mr. Herrin challenged at every stage of the case and throughout the entire trial admission of any evidence proposed or offered by the government that suggested, implied or indicated in any manner (whether by circumstantial proof or

4

direct proof) that Mr. Herrin took the $390,000 from the GardaWorld armored truck. Such an allegation is a discrete violation of 18 U.S.C. §2113(b) that the government *chose* not to indict and is barred by the statute of limitations. Moreover, Mr. Herrin argued the government could not indict him under §2113(b) by operation of 18 U.S.C. §3282(a) and the due process and grand jury clauses of the Fifth Amendment to the United States Constitution. The issue Mr. Herrin raised is substantial and remains a debatable question for the Ninth Circuit. Consequently, if Mr. Herrin is successful on appeal, it will logically follow that he should not have any term of imprisonment whatsoever.

In addition, the *Garcia* decision warrants careful consideration here because it outlines in detail the numerous factual and legal circumstances that might justify release in a given case. The first is the open and familiar framework of the "totality of the circumstances" in order to determine the existence of "any truly unusual factors or combination of factors [that] would [cause it to] be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." *Garcia*, 340 F.3d at 1019. The next includes certain particular factors that could be relevant in a given case. For example, the "length of the prison sentence" and/or "circumstances that would render the hardships of prison unusually harsh for a *particular* defendant." *Garcia*, 340 F.3d at 1019 (emphasis added). Medical conditions and medical care can be relevant considerations. The Ninth Circuit also

does not "foreclose the possibility of finding exceptional circumstances in a case *in which incarceration would impose exceptional risks on a defendant involving his physical or mental well-being*. *Garcia*, 340 F.3d at 1020 (emphasis added).

Respectfully the convictions entered by the jury in this case rest on the erroneous premise that Mr. Herrin was the actor who stole the $390,000 from the armored truck. Government counsel straightforwardly argued that theory for conviction in closing argument. Again, Mr. Herrin was never indicted for that crime which is a discrete violation of federal law. Furthermore, given the serious concerns that the COVID-19 pandemic presents for institutional actors such as the Bureau of Prisons, to expose Mr. Herrin to possible infection with the COVID-19 virus by incarceration now would be unnecessary and unfair. That is especially true given the exceptional merit that Mr. Herrin's appeal presents. *Cf. McKinney v. Anderson*, 959 F.2d 853 (9th Cir. 1992) (Housing prisoner in environment that exacerbates health concerns due to second hand smoke can state Eighth Amendment claim). If second hand smoke is a hazard, surely exposure to COVID-19 would be too.

### III.  CONTACT WITH GOVERNMENT COUNSEL

Counsel for the government, Assistant United States Attorney Timothy J. Racicot, states that the government objects to this motion.

///

///

## IV.  CONCLUSION

All four requirements of the test set forth in *Handy* have been met in this case. Mr. Herrin will not flee or do harm to anyone in the community while he awaits the results of his appeal.  His appeal is not for delay.  If released pending appeal, he will be supervised by the United States Probation Office which is already familiar with Mr. Herrin since he has been on conditional release for over one year.  His appeal raises substantial issues of law and fact.  If he is not released pending appeal, that decision could effectively nullify his appeal because he will serve time in prison when he should not even have been prosecuted.  As a result, Mr. Herrin should be released pending his appeal.  Moreover, in light of the COVID-19 pandemic, when considering the relative merit of Mr. Herrin's appeal, exceptional circumstances under *Garcia* warrant release pending appeal.

DATED this 12th day of June, 2020.

 /s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Counsel for Defendant

## CERTIFICATE OF SERVICE
### L.R. 5.2(b)

I hereby certify that on June 12, 2020, a copy of the foregoing document was

served on the following persons by the following means:

    1        CM-ECF

    2        Mail

1.      CLERK, UNITED STATES DISTRICT COURT

1.      TIMOTHY J. RACICOT
        Assistant United States Attorney
        U.S. Attorney's Office
        P.O. Box 8329
        Missoula, MT  59807
                Counsel for the United States of America

2.      JOHN GREGORY ALEXANDER HERRIN
                Defendant

                            /s/ Michael Donahoe
                            FEDERAL DEFENDERS OF MONTANA