JoAnn Jett Corson
Registered Diplomate Reporter
Certified Realtime Reporter
P. O. Box 8006
Missoula, Montana 59807-8006
406/829-7123 office
joann_corson@mtd.uscourts.gov

United States Court Reporter

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

```
UNITED STATES OF AMERICA,         )
                       Plaintiff,)
     vs.                          )  No. CR 16-15-H-SEH
                                  )
JOHN GREGORY ALEXANDER HERRIN,    )  TRANSCRIPT OF INITIAL
                      Defendant.) APPEARANCE AND ARRAIGNMENT
_____ )
```

**BEFORE THE HONORABLE JEREMIAH C. LYNCH**
**UNITED STATES DISTRICT COURT MAGISTRATE JUDGE**
**FOR THE DISTRICT OF MONTANA**

Russell Smith United States Courthouse
201 East Broadway
Missoula, Montana 59802
Thursday, November 29, 2018
2:47 to 2:55 p.m.

Proceedings recorded by digital audio recording
Transcript produced by computer-assisted transcription

```
 1                        APPEARANCES

 2   For the Plaintiff:           MS. CYNDEE L. PETERSON
                                  Assistant U.S. Attorney
 3                                P.O. Box 8329
                                  Missoula, Montana 59807
 4
     For the Defendant:           MR. MICHAEL DONAHOE
 5                                Attorney at Law
                                  Federal Defenders of Montana
 6                                50 West 14th Street, Suite 300
                                  Helena, Montana 59624
 7

 8

 9                         CONTENTS
```

10  Proceedings ..........................................    3

11  Transcriber's Certificate ............................   11

|    |    |
|----|----|
| 1  | PROCEEDINGS |
| 2  | (Open court.) |
| 3  | (Defendant present.) |
| 4  | THE COURT: The next matter before the Court is the |
| 5  | time set for arraignment in *United States of America v. John* |
| 6  | *Gregory Alexander Herrin*, Criminal Cause 16-15-Helena. |
| 7  | Mr. Donahoe, good afternoon, again. |
| 8  | MR. DONAHOE: Good afternoon, Your Honor. |
| 9  | THE COURT: And, sir, you are John Gregory Alexander |
| 10 | Herrin? |
| 11 | THE DEFENDANT: Yes, Your Honor. |
| 12 | THE COURT: Mr. Herrin, I reviewed your financial |
| 13 | affidavit. You are financially eligible for court-appointed |
| 14 | counsel, so I'm going to appoint Mr. Donahoe to represent you. |
| 15 | I remind you that you have the option, if you |
| 16 | choose, of hiring an attorney at your own expense to represent |
| 17 | you in these proceedings. Is that understood? |
| 18 | THE DEFENDANT: I understand, Your Honor. |
| 19 | THE COURT: Now, Mr. Alexander, the United States -- |
| 20 | or I should say the grand jury has returned an indictment |
| 21 | against you, having found that probable cause exists that you |
| 22 | committed the following 14 offenses: |
| 23 | Count 1 charges you with interstate transportation |
| 24 | of stolen property in violation of Title 18 of the United |
| 25 | States Code, Section 2314. Now this offense, if you're |

1  convicted, carries a maximum penalty of up to ten years in
2  prison, a $250,000 fine, and up to three years of supervised
3  release.
4       Next you stand charged with 12 counts of money
5  laundering.  Those are Counts 2 through 13.  Each of these, if
6  they occurred, would be in violation of Title 18 of the United
7  States Code, Section 1957.  Each of these offenses, upon
8  conviction, carry a maximum penalty of up to ten years in
9  prison, a $250,000 fine, and up to three years of supervised
10 release.
11      Finally, Count 14 charges you with attempted witness
12 tampering in violation of Title 18 of the United States Code,
13 Section 1512(b)(3).  This offense, if you're convicted,
14 carries a maximum penalty of up to 20 years in prison, a
15 $250,000 fine could be imposed, and, again, you could be
16 placed on supervised release for up to three years.
17      Now, Mr. Herrin, you have a right to remain silent.
18 That means you don't have to make any statements whatsoever to
19 authorities regarding the allegations that have been made
20 against you in this indictment.  Please understand that if you
21 choose to make any statement, that statement will be used
22 against you in these proceedings.
23      Also, I remind you of your right to have Mr. Donahoe
24 present with you at any questioning by authorities and with
25 you at all court proceedings.

1             Now do you understand, Mr. Herrin, each of these
2    rights as I've explained them to you?
3             THE DEFENDANT:  I understand, Your Honor.
4             THE COURT:  Mr. Donahoe, have you had a sufficient
5    opportunity to review and discuss the contents of the
6    indictment with Mr. Herrin?
7             MR. DONAHOE:  We have.
8             THE COURT:  Would he like me to read it in full?
9             MR. DONAHOE:  We would waive that.  Thank you.
10            THE COURT:  Mr. Herrin, do you understand the nature
11   of these 14 charges against you?
12            THE DEFENDANT:  Yes, Your Honor.
13            THE COURT:  And you're now fully aware of the
14   maximum penalty that can be imposed with respect to each of
15   those 14 charges if, by chance, you're convicted?
16            THE DEFENDANT:  Yes, Your Honor.
17            THE COURT:  And, Mr. Donahoe, how does Mr. Herrin
18   wish to plead?
19            MR. DONAHOE:  Not guilty, please, Your Honor.
20            THE COURT:  The preliminary conference in this
21   matter is scheduled for tomorrow, November 30, at 1:30 p.m.
22   before Judge Haddon in Helena.
23            And then, Ms. Peterson, the government's position
24   with respect to release or detention?
25            MS. PETERSON:  Your Honor, I don't have any evidence

1  that would warrant detention for Mr. Herrin, so we think that
2  whatever conditions the Court wants to impose would be
3  appropriate.
4         THE COURT:  All right.  Thank you.
5         Mr. Herrin, I am going to release you pending
6  further proceedings.  I would note that you don't have any
7  criminal history other than a DUI some years back, so when I
8  consider all the factors, I think you're an appropriate
9  candidate for release.
10         I need to tell you a couple things up front.  Number
11  one, if you commit an offense, a criminal offense while on
12  release, whether that offense be federal, state, or local in
13  nature, there could be an additional period of up to ten years
14  being added to any sentence of imprisonment that is imposed
15  if, by chance, you're convicted on any of these charges.  The
16  thing I want to emphasize to you is that ten years would run
17  consecutive to any period of imprisonment imposed, again, if
18  you're convicted on these charges.
19         When I tell you "consecutive," you understand what
20  that means?
21         THE DEFENDANT:  Yes, Your Honor.
22         THE COURT:  Also, if you violate any of the
23  conditions that I impose, your release could well be revoked,
24  and you could be imprisoned pending further proceedings.  Is
25  that understood?

1            THE DEFENDANT:  Yes, Your Honor.
2            THE COURT:  All right.  The conditions I'm imposing
3    are as follows:
4            You will, of course, be supervised by the pretrial
5    services office of our probation department.  Officer Henkel
6    here will inform you as to when, how, and how often you have
7    to make contact with the pretrial services office.
8            Do you have a passport?
9            THE DEFENDANT:  Yes, Your Honor.  It is currently in
10   the possession of the FBI.
11           THE COURT:  All right.  Then do not attempt to
12   obtain another passport.  Understood?
13           THE DEFENDANT:  Understood.
14           THE COURT:  That passport I'm ordering as a
15   condition of your release to be given up to the probation
16   office, the pretrial services.  I don't know why the FBI has
17   it, but if it's in their custody, that's fine, too.
18           You're all right with that, Ms. Peterson?
19           MS. PETERSON:  Yes, Your Honor.
20           THE COURT:  I don't know why they have it, but there
21   must be a reason.
22           MS. PETERSON:  It's likely --
23           MR. DONAHOE:  They picked him up at the airport, I
24   think, and took it, yeah.
25           THE COURT:  Okay.  All right.  Just make sure -- you

1  know what the drill is, Mr. Donahoe.
2          MR. DONAHOE:  I do.
3          THE COURT:  I'm going to restrict your travel to the
4  state of Montana.  Now I would tell you that if you have a
5  legitimate reason for traveling outside of the state of
6  Montana, permission will not unreasonably be withheld, but you
7  must get prior approval from either the pretrial services
8  office or from the Court.  Understood?
9          THE DEFENDANT:  Understood, Your Honor.
10          THE COURT:  You shall not harass, threaten,
11  intimidate, tamper with, improperly influence, or injure the
12  person or property of any potential witness or informant or
13  victim in this matter.
14          You shall not possess any firearms.  Understood?
15          THE DEFENDANT:  Understood, Your Honor.
16          THE COURT:  Where are you going to reside?
17          THE DEFENDANT:  With my parents in Deer Lodge.
18          THE COURT:  Do your parents have any firearms in
19  their residence?
20          THE DEFENDANT:  I believe they do, Your Honor.
21          THE COURT:  Those -- sir, I take it you're
22  Mr. Herrin, Sr.?
23          MR. HERRIN, SR.:  Yes, sir.
24          THE COURT:  Do you understand that a condition here
25  is that all firearms must be removed from the home so that he

8

1  has no access whatsoever to those firearms?

2          MR. HERRIN, SR.:  Yes, sir.

3          THE COURT:  And you agree to do that?

4          MR. HERRIN, SR.:  Yes, sir.

5          THE COURT:  All right.  You understand there's no --

6  you can have no access.  Understood?

7          THE DEFENDANT:  Understood, Your Honor.

8          THE COURT:  You shall not use alcohol to excess.

9  What that means is your blood alcohol concentration shall

10 never exceed .08 blood alcohol concentration.  Of course,

11 that's the state legal limit.

12         You shall not use or unlawfully possess any narcotic

13 drug or other controlled substance unless prescribed by a

14 licensed medical practitioner.  Are you currently under any

15 prescription medications of an opiate nature?  Pain-killers?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  All right.

18         You will be submitted -- subjected to random testing

19 to determine whether, number one, you're using any prohibited

20 or controlled substance and using alcohol to excess.  I

21 emphasize to you that testing will be done at random.  Do you

22 understand what that means?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  You also shall not be in the presence of

25 any individual using controlled substances such as

1  methamphetamine, heroin, marijuana, PCP, any kind of
2  prohibited substance.  You can't be in the presence of anyone
3  using those.  Understood?
4              THE DEFENDANT:  Understood, Your Honor.
5              THE COURT:  And then, finally, maintain contact with
6  Mr. Donahoe.
7              Now do you understand these conditions and agree to
8  abide by them?
9              THE DEFENDANT:  I understand, Your Honor.
10             THE COURT:  Mr. Donahoe, any objection to the
11 conditions as stated?
12             MR. DONAHOE:  No, Your Honor.
13             THE COURT:  And, Ms. Peterson, does the government
14 wish to have any other conditions considered?
15             MS. PETERSON:  No, Your Honor.
16             THE COURT:  All right.  Thank you.
17        (Discussion off the record between the defendant and
18         Mr. Donahoe.)
19             THE COURT:  Mr. Donahoe, anything further?
20             MR. DONAHOE:  No, Your Honor.  Thank you.
21             THE COURT:  Thank you.Thank you, Mr. Herrin.
22             The Court stands adjourned.
23             THE DEFENDANT:  Thank you, Your Honor.
24             THE CLERK:  All rise.
25          (The proceedings were concluded at 2:55 p.m.)

```
 1                    TRANSCRIBER'S CERTIFICATE
 2           I, JoAnn Jett Corson, certify that the foregoing
 3  transcript is an accurate transcription, to the best of my
 4  ability, from the digital audio recording of the proceedings
 5  given at the time and place hereinbefore mentioned; and that a
 6  certified copy of this transcript will be filed electronically
 7  with the Court.
 8           I further certify that I am not attorney for, nor
 9  employed by, nor related to any of the parties or attorneys to
10  this action, nor financially interested in this action.
11           IN WITNESS WHEREOF, I have set my hand at Missoula,
12  Montana this 30th day of June, 2020.
13
14                                   /s/ JoAnn Jett Corson
                                     _____
15                                   JoAnn Jett Corson
                                     United States Court Reporter
16
```