**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30130 |
| Plaintiff-Appellee, | D.C. No.<br>6:16-cr-00015-SEH-1 |
| v. | |
| JOHN GREGORY ALEXANDER<br>HERRIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted June 11, 2021[*]
Seattle, Washington

Before:  GOULD, CLIFTON, and MILLER, Circuit Judges.

John Herrin appeals from his convictions for interstate transportation of

stolen property and money laundering.  We have jurisdiction.  28 U.S.C. § 1291.

We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Reviewing de novo, *see United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014), we conclude that there was no constructive amendment of the indictment. *See United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002). "[T]he proof offered at trial matched the charges made in the indictment." *United States v. Hartz*, 458 F.3d 1011, 1021 (9th Cir. 2006). Prosecutors have broad discretion in bringing charges. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). The Grand Jury Clause was not violated because Herrin was neither tried for nor convicted of bank theft. That he might have been charged with that crime is irrelevant. That there was evidence at trial that might have suggested his guilt of that crime is also irrelevant. The evidence admitted was relevant to the charges for which he was tried, and it did not alter those charges. *See Hartz*, 458 F.3d at 1021.

We review the denial of a motion in limine[1] and the decision to admit evidence at trial for an abuse of discretion. *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). Whether evidence falls within the scope of Federal Rule of Evidence 404(b) is reviewed de novo. *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). The evidence to which Herrin objected was relevant

---

[1] Herrin's motion was a motion in limine and not a motion to suppress because it sought to exclude evidence based on evidentiary grounds and not on grounds that the evidence was illegally obtained. *Compare Motion to Suppress*, BLACK'S LAW DICTIONARY (9th ed. 2009) ("A request that the court prohibit the introduction of illegally obtained evidence at a criminal trial."), *with Motion in Limine*, BLACK'S LAW DICTIONARY (9th ed. 2009) ("A pretrial request that certain inadmissible evidence not be referred to or offered at trial.").

under Rule 401 and was not "other act" evidence subject to Rule 404(b)'s constraints. *See* Fed. R. Evid. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action"); *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016) ("Rule 404(b) applies solely to evidence of 'other' acts, not to evidence of the very acts charged as crimes in the indictment."). The evidence was directly relevant to "element[s] of the crime charged," principally that Herrin transported the money interstate and that Herrin had knowledge that the money was stolen. *See Loftis*, 843 F.3d at 1176 (citation omitted); 18 U.S.C. § 2314 (elements include proving that property was transported interstate and that defendant had knowledge that the property was stolen). The district court did not abuse its discretion in admitting it.

Reviewing de novo, *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000), we conclude that the district court did not err in rejecting Herrin's proposed jury instruction and giving the instruction that it did. Because the evidence was relevant under Rule 401, the district court was not necessarily required to give a limiting Rule 404(b) instruction, but it was not error to give it. *See United States v. Rrapi*, 175 F.3d 742, 748–50 (9th Cir. 1999). A district court must consider a defendant's proposed jury instruction that covers the defendant's theory of the

3

case, *see United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011),

but a defendant is "not entitled to an instruction in a particular form," *United States*

*v. Keyser*, 704 F.3d 631, 641–42 (9th Cir. 2012).  Herrin's proposed jury

instruction was offered to prevent the jury from considering other-act evidence in

deciding whether Herrin was guilty of the offenses charged in the indictment.

However, the instruction the district court gave, which was patterned after this

Circuit's model 404(b) jury instructions, served that purpose as well.  *See* Ninth

Cir. Model Crim. Jury Instrs. 2.10 & 4.3 (2018).  It was proper for the district court

to give the instruction it did.  *See United States v. Thomas*, 612 F.3d 1107, 1122

(9th Cir. 2010).

    **AFFIRMED.**