John Gregory Alexander Herrin

3402 W Babcock St.

Bozeman, MT 59718

(406)437-2291

BYTHERGIG@PROTON.ME

Petitioner Pro Se

RECEIVED

JAN 29 2026

Clerk, U S District Court
District Of Montana
Butte, Montana

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>John Gregory Alexander Herrin<br><br>    Petitioner. | Case No. 6:16-cr-00015-SEH<br><br>PETITION FOR WRIT OF ERROR<br><br>CORAM NOBIS<br><br>(28 U.S.C. § 1651) |

John Gregory Alexander Herrin ("Petitioner"), Pro Se, respectfully petitions this Court for a writ of error coram nobis to correct a structural defect of the most fundamental character in the judgment of conviction entered in the above-captioned matter.

I. Parties

Petitioner is the defendant in the above-captioned criminal case and seeks post-judgment relief. Respondent United States of America was the plaintiff in the underlying criminal proceeding.

## II. Jurisdiction and Availability of Remedy

This Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Morgan, 346 U.S. 502 (1954); Hirabayashi v. United States, 828 F.2d 591 (9th Cir. 1987). Coram nobis relief is appropriate where a judgment rests on a structural defect not correctable through ordinary appellate review. No other remedy is available because Petitioner is no longer in custody, having fully served the sentence and completed supervision in January 2025. 28 U.S.C. § 2255 is therefore unavailable.

## III. Continuing Adverse Consequences

Petitioner continues to suffer significant collateral consequences from the felony conviction, including loss of civic rights, employment and licensing barriers, financial blacklisting, travel restrictions, and reputational harm, all of which continue to attach to the judgment of conviction.

## IV. Timeliness and Sound Reasons for Delay

Coram nobis relief is available where the petitioner has acted with reasonable diligence. United States v. Kwan, 407 F.3d 1005, 1013 (9th Cir. 2005). The structural defect identified herein became fixed and attributable only after exhaustion of direct appeal, when continued nonperformance occurred with full notice and without further avenue for correction. Custodial and pandemic-related constraints limited access to materials during incarceration and supervision. This petition is filed promptly after full release from supervision. The claim is record-based; the government suffers no prejudice.

## V. Ground for Relief: *Structural Defect Requiring Performance of Non-Delegable Judicial Duty*

The judgment suffers from an error of the most fundamental character: the displacement of the court's non-delegable duty to adjudicate threshold questions of evidentiary admissibility under Fed. R. Evid. 104(a).

Petitioner does not seek reweighing of evidence or factual reconsideration, but performance of the judicial function antecedent to lawful adjudication.

Coram nobis is available only to correct errors of the most fundamental character where no other remedy exists and justice so requires.

### A. The Defect
### *(Non-Delegable Duty Displaced)*

This petition concerns a structural defect in the proceedings: the displacement of the court's non-delegable duty to adjudicate threshold evidentiary admissibility under Fed. R. Evid. 104(a), a function assigned exclusively to the court and not delegable to the jury. The record reflects that evidentiary predicates required to be determined by the court—authentication, relevance, and materiality—were not adjudicated as judicial questions, but were deferred downstream under "weight" or "jury question" formulations. This was not an error in evidentiary assessment, but a failure to perform a required judicial function antecedent to fact-finding, rendering the evidentiary record procedurally incomplete as a matter of law.

### B. Notice and Initial Post-Notice Conduct

*(Trial Court)*

The defect was expressly raised by the defense during trial. From that point forward, the issue was no longer latent or speculative. Rather than engage the question presented, the court declined to adjudicate the admissibility predicates, avoided making findings, and proceeded by allowing the evidentiary record to reach the jury without judicial resolution of the threshold questions raised, thereby converting the omission from trial-stage error into post-notice institutional conduct. Continued Notice and Repetition (Appellate Court) The same defect was preserved and presented on appeal. The appellate court was placed on notice that the trial court had declined to perform a non-delegable adjudicative function and that the record contained no judicial determination of evidentiary admissibility after notice. The appellate court nevertheless proceeded without resolving the threshold issue identified, thereby repeating the same non-engagement after notice, rather than curing it.

### C. Foreseeable Constitutional Harm

*(Process, Not Outcome)*

The foreseeable harm arising from this conduct was the loss of due process itself: adjudication of guilt on an evidentiary foundation never judicially validated as required. Once a court, with notice, declines to adjudicate required evidentiary predicates and proceeds nonetheless, the proceeding lacks the lawful foundation demanded by due process. The deprivation is structural and complete upon nonperformance of the antecedent judicial duty. Matter Complete on the Record The defect identified herein is institutional, arising from nonperformance

of a non-delegable duty after notice. No further factual development is required. The record itself establishes the sequence: duty, notice, non-engagement, repetition. No additional briefing, evidentiary proffer, or interpretive reconstruction can supply the adjudicative act that was required and declined.

### D. Demand for Reciprocal Application of Standards

Petitioner respectfully demands that this Court now perform the threshold admissibility analysis under Fed. R. Evid. 104(a) that was previously declined. Coherence requires that the judiciary hold its own proceedings to the rigor it demands of litigants. Petitioner asserts no specific evidentiary deficiencies; those questions answer themselves once the required judicial function is performed.

### E. Error "of the Most Fundamental Character"

This defect qualifies as an error "of the most fundamental character" because it denied the proceeding the constitutional prerequisite of a lawfully constituted evidentiary record. See Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).

## VI. Prayer for Relief

WHEREFORE, Petitioner prays that this Court:

To perform the threshold evidentiary admissibility analysis required by Fed. R. Evid. 104(a);

Grant such relief as that analysis warrants, including vacatur of the judgment if the record cannot sustain conviction on a lawfully admitted evidentiary foundation;

    Issue a writ of error coram nobis and grant such other relief as the Court deems just and proper.

Respectfully submitted this 29th day of January, 2026.

### Verification

I, John Gregory Alexander Herrin, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

                                    Executed on January 29, 2026.

                                    /s/ John Gregory Alexander Herrin