IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JOHN GREGORY ALEXANDER HERRIN,<br><br>Defendant/Movant. | Cause No. CR 16-15-H-BMM<br><br><br>**ORDER** |

Defendant John Gregory Alexander Herrin's ("Herrin") moved the Court for a petition for writ of error coram nobis, pursuant to 28 U.S.C. § 1651. (Doc. 135.) Herrin is proceeding pro se.

**I.  Background**

A federal grand jury returned an indictment against Herrin, charging him with Interstate Transportation of Stolen Property (Count 1), Money Laundering (Counts 2-13), and Attempted Witness Tampering (Count 14) on October 26, 2016. (Doc. 1.) Herring, represented by counsel, proceeded to a 4-day jury trial in January of 2020. The jury found Herring guilty on counts 1, 2, 3, 4, 5, 8 11, 12

1

and 13, and found him not guilty on counts 6, 7, 9 10, and 14. *See e.g.*, Min. (Doc. 83.) The Court sentenced Herrin to the Bureau of Prisons on June 16, 2020, for 30 months on each count, to run concurrently, followed by 36 months of supervised release. (Doc. 116.)

Herrin timely appealed. (Doc. 118.) The Ninth Circuit affirmed his convictions. (*See* Doc. 130); *United States v. Herrin*, Cause No. 20-30130, Mem. (9th Cir. Jun 23, 2021). The Ninth Circuit determined that there had been no constructive amendment of the indictment; the evidence admitted was relevant to the charges for which Herrin was tried, and it did not alter the charges. (*Id*. at 2) (citations omitted). The Ninth Circuit also reviewed the Court's denial of Herrin's motion in limine, admission of other evidence, and whether evidence fell within the scope of Federal Rule of Evidence 404(b). The Ninth Circuit concluded that the evidence to which Herrin objected was relevant under Rule 401 and was not "other act" evidence subject to the restraints of Rule 404(b). (*Id*. at 2-3.) The evidence was related to the elements of the crime charge, specifically that Herrin transported money interstate and had knowledge that the money was stolen. Admission of the evidence was not an abuse of discretion. (*Id*. at 3.)

Finally, the Ninth Circuit concluded that the Court did not err in rejecting one of Herrin's proposed jury instructions and giving the instruction that it did. (*Id*.) The Court was required to consider Herrin's proposed instruction based upon

his theory of the case. Herrin was "not entitled to an instruction in a particular form." (*Id*. at 3-4) (citations omitted). Giving an instruction patterned after the Circuit's model 404(b) instruction served to prevent the jury from considering other act evidence and was proper. (*Id*. at 4.)

The United States Supreme Court denied Herrin's petition for writ of certiorari on December 6, 2021. (Doc. 134.)

Herrin did not file a motion to vacate his sentence pursuant to 28 U.S.C. §2255. Herrin indicates that he fully served his sentence and completed supervision in January 2025. (Doc. 135 at 2.)

**II.    Analysis**

Pursuant to 28 U.S.C. §1651, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651. A writ of error coram nobis "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Kwan*, 407 F. 3d 1005, 1009 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 356, 370 (2010). A writ of error coram nobis is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F. 3d 1003, 1005 (9th Cir. 2007). The writ is "used only

3

to review errors of the most fundamental character." *Matus-Leva v. United States*, 287 F. 3d 758, 760 (9th Cir. 2002).

To qualify for a writ of error coram nobis, the petitioner must show "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F. 2d 591, 604 (9th Cir. 1987); *see also Kwan*, 407 F. 3d at 1011. "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva*, 287 F. 3d at 760.

Herrin argues that all four requirements for a writ of error coram nobis are present: (1) having fully discharged his sentence, no other remedy is now available (Doc. 135 at 2); (2) custodial and pandemic-related constraints limited Herrin's access to materials and the petition was filed promptly after his release from supervision (*Id.*); (3) Herrin continues to suffer significant collateral consequences from his felony conviction, including loss of civic rights, employment and licensing barriers, financial blacklisting, travel restrictions, and reputational harm (*Id.*); and (4) the error is structural and of the most fundamental character. Herrin argues that the Court had a non-delegable duty to adjudicate threshold questions of evidentiary admissibility under Fed. R. Evid 104(a) and failure to do so violated

Herrin's right to due process. (*Id*. at 3-5.) Herrin asks that the Court issue a writ of error coram nobis and vacate his judgment as the record cannot sustain a conviction based upon lawfully admitted evidence. (*Id*. at 5-6.)

Relative to the first coram nobis requirement, Herrin did not exhaust all other remedies. Herrin no longer is serving his term of supervised release and no longer remains in "custody." This end of custody makes a remedy under § 2255 unavailable to Herrin. Herrin did not attempt to file a § 2255 motion following the denial of his petition of certiorari in December of 2021. Herrin did not attempt to do so at any time up until his release from supervision in January of 2025. A remedy remained available to Herrin that he chose not to pursue. Herrin does not appear to meet the first requirement for a writ of error coram nobis.

As to the second requirement, a petition for a writ of error coram nobis is not subject to a specific statute of limitations. *See United States v. Morgan*, 346 U.S. 502, 507 (1954). "In lieu of a specific statute of limitations, courts have required coram nobis petitioners to provide valid or sound reasons explaining why they did not seek to attack their sentences or convictions earlier." *Kwan*, 407 F. 3d at 1012; see also Riedl, 496 F. 3d at 1007. The court in *Riedl* denied coram nobis after the defendant waited more than six years after conviction to file a petition. Riedl had failed to exercise due diligence. *Riedl*, 496 F. 3d at 1007. In *United Staes v. Njai*, the Ninth Circuit affirmed denial of coram nobis relief where the defendant waited

5

more than four years after conviction and offered no valid reason for the delay. *Njai*, 312 Fed. App'x. 953, 954 (9th Cir. 2009). Courts have also denied coram nobis relief where a petition was found to have been untimely and there were "no sound reasons" for the delay. *See Maghe v. United States*, 710 F. 2d 503, 503-04 (9th Cir. 1983); *Klein v. United States*, 880 F. 2d 250, 254 (10th Cir. 1989).

Herrin could have raised the claims presented in his petition at any time in the five years following the denial of his petition for writ of certiorari. Herrin states that his incarceration and the COVID-19 pandemic hampered his ability to file. Herrin provides no further support for this contention. The Court has previously found that, without more, general claims of COVID-19 lockdowns and delays do not serve to excuse untimely filings. *See Warner v. May, et al.*, Cause No. CV-24-126-M-DLC, Ord. at 14 (D. Mont. Oct. 20, 2025) (collecting cases). Even after his release from supervision, Herrin waited another year before filing in the Court. Herrin offers no valid reason for the delay. *See Njai*, 312 Fed. App'x. at 954.

The Court finds Herrin did not act with the requisite diligence and fails to meet the second requirement for coram nobis relief. The failure to meet any one of the four requirements for coram nobis relief proves fatal to a petition. *Matus-Leva*, 287 F. 3d at 760. The Court will not analyze whether the error Herrin alleges is fundamental or if adverse consequences exist from Herrin's conviction that are sufficient to satisfy the case or controversy requirement. Herrin's petition for a

writ of error coram nobis is denied.

**IT IS ORDERED** that petitioner Herrin's petition for a writ of error coram nobis (Doc. 135) is DENIED.

DATED this 3rd day of February, 2026.

_____
Brian Morris, Chief District Judge
United States District Court