John Gregory Alexander Herrin

3402 W Babcock St.

Bozeman, MT 59718

(406)437-2291

BYTHERGIG@PROTON.ME

Petitioner Pro Se

**FILED**

FEB 05 2026

Clerk, U.S. Courts
District of Montana
Butte Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>John Gregory Alexander Herrin<br><br>　　　Petitioner. | Case No. 6:16-cr-00015-SEH<br><br>NOTICE OF APPEAL<br><br>AND<br><br>NOTICE OF CONTINUING UNRESOLVED<br><br>JUDICIAL DEFECT AND RESULTING ONGOING<br><br>CONSTITUTIONAL HARM FOLLOWING DENIAL<br><br>OF PETITION FOR WRIT OF CORAM NOBIS |

　　COMES NOW Defendant-Appellant, John Gregory Alexander Herrin, and hereby gives notice of appeal from the District Court's order denying his Petition for Writ of Coram Nobis.

　　This Notice is further submitted to place on the record the continued existence of an unresolved judicial defect, notice of which was provided prior to trial, reiterated through post-conviction proceedings, and remains unaddressed following denial of coram nobis relief, together with the continuing constitutional harm resulting from that failure.

## I. NOTICE OF UNRESOLVED DEFECT

1. Prior to trial, Defendant formally raised a threshold procedural defect requiring judicial resolution before the proceedings could lawfully continue.

2. The defect concerned the absence of a required judicial determination that functioned as a predicate condition to the admission and use of evidence.

3. The defect was presented to the District Court by written motion and supporting briefing.

4. The District Court denied the motion without performing the required determination.

5. The District Court did not rule affirmatively or negatively on the existence of the predicate condition.

6. The District Court did not hold that the determination was unnecessary.

7. Proceedings continued without the identified determination ever having been made.

## II. CONTINUATION OF PROCEEDINGS AFTER NOTICE

8. Following notice of the defect, evidence was admitted and relied upon without the unresolved threshold issue being addressed.

9. Trial proceeded to verdict and judgment without the required determination having been performed.

10. The unresolved defect was raised on appeal.

11. No appellate court identified where in the record the threshold determination was made.

12. No appellate court held that the determination was not required.

### III. CORAM NOBIS DENIAL

13. Defendant thereafter sought coram nobis relief for the limited purpose of compelling performance of the judicial determination omitted from the original proceedings.

14. The Petition for Writ of Coram Nobis did not seek reweighing of evidence, reconsideration of factual findings, or substitution of judgment.

15. The Petition sought only completion of a required judicial act that had never occurred.

16. The District Court denied the Petition without performing the omitted determination.

### IV. ONGOING CONSTITUTIONAL HARM

17. The failure to perform the threshold judicial determination deprived Defendant of the ability to meaningfully challenge the admissibility, scope, or relevance of evidence.

18. Once the predicate issue was left unresolved, Defendant was deprived of the ability to present a complete defense to the matters presented at trial.

19. The continuation of proceedings without resolving the defect rendered subsequent evidentiary rulings incapable of lawful foundation.

20. As a result, Defendant was subjected to trial, conviction, and continuing legal consequences without the procedural safeguards required at the outset.

21. The harm resulting from the unresolved defect is ongoing and has not been cured by any subsequent proceeding.

22. Each continuation, denial, or affirmance issued after notice of the defect constitutes an independent continuation of the original due process violation.

## V. CONTINUING STATUS

23. As of the filing of this Notice, no court has performed the threshold judicial determination identified prior to trial.

24. As of the filing of this Notice, no court has identified where in the record such determination exists.

25. As of the filing of this Notice, Defendant continues to suffer ongoing legal consequences flowing from proceedings conducted without resolution of the defect.

**This Notice is submitted to memorialize:**

(a) the existence of an unresolved judicial defect;

(b) notice provided to the courts; and

(c) the continuing constitutional harm resulting from failure to correct the defect.

Respectfully submitted,

/s/ John Gregory Alexander Herrin

Defendant-Appellant, Pro Se

February 05, 2026

John Gregory Alexander Herrin

3402 W Babcock St.

Bozeman, MT 59718

(406)437-2291

BYTHERGIG@PROTON.ME

Petitioner Pro Se

**FILED**

FEB 0 5 2026

Clerk, U.S. Courts
District of Montana
Butte Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br> Plaintiff, </br> vs. </br> John Gregory Alexander Herrin </br> Petitioner. | Case No. 6:16-cr-00015-SEH </br></br> CERTIFICATE OF SERVICE |

COMES NOW, John Gregory Alexander Herrin ("Petitioner"), Pro Se, respectfully notifies the court of Service upon the United States of America ("Plaintiff").

PETITIONER CERTIFIES, that on February 05, 2026, Petitioner personally hand-delivered a true and correct copy of the foregoing Notice of Appeal, Memorandum in Support, Appendix A, and Public Statement to the Office of the United States Attorney for the District of Montana, at the following address:

United States Attorney's Office - Helena Branch

901 Front St.

Suite 1100

Helena, MT

59626as f

(406) 457-5120

Executed on February 05, 2026.

/s/ John Gregory Alexander Herrin

John Gregory Alexander Herrin

3402 W Babcock St.

Bozeman, MT 59718

(406)437-2291

BYTHERGIG@PROTON.ME

Petitioner Pro Se

FILED

FEB 0 5 2026

Clerk, U.S. Courts
District of Montana
Butte Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>John Gregory Alexander Herrin<br><br>Petitioner. | Case No. 6:16-cr-00015-SEH<br><br>APPENDIX A<br><br>OF NOTICE OF APPEAL AND<br><br>NOTICE OF CONTINUING UNRESOLVED<br><br>JUDICIAL DEFECT AND RESULTING ONGOING<br><br>CONSTITUTIONAL HARM FOLLOWING DENIAL<br><br>OF PETITION FOR WRIT OF CORAM NOBIS |

**APPENDIX A**

**Institutional Nonperformance of Mandatory Judicial Act and Resulting Ultra Vires Adjudication**

1. Governing rules require the court to perform a specific judicial determination.

    [Authority: Fed. R. Evid. 104(a)]

2. The rules designate the court as the sole authorized actor and specify the stage at which the determination must occur.

    [Authority: Fed. R. Evid. 104(a); pretrial admissibility determinations]

PAGE 1 / 4

3. Performance of the determination is a condition precedent to the lawful admission and use of evidence and to adjudication of dependent matters.

   [Authority: Fed. R. Evid. 104(a); Rule 401–403 admissibility framework]

4. The court record contains no instance of the required determination.

   [Record: review of all pretrial orders, trial rulings, jury instructions, Rule 29 orders, Rule 33 orders, appellate opinions; no Rule 104(a) determination identified]

5. The absence of the determination was identified and placed before the court.

   [Record: Motion to Suppress, Dkt. 13; Suppression Hearing Transcript, Jan. 10, 2019]

6. No court performed the determination.

   [Record: Suppression Hearing Transcript, Jan. 10, 2019 (court declines to make threshold admissibility determination and proceeds); Trial Transcript; Post-trial Orders]

7. No court identified where the determination occurred in the record.

   [Record: District Court Orders; Ninth Circuit Memorandum Disposition; Coram Nobis Order—no citation to any Rule 104(a) determination]

8. No court held that the determination was unnecessary.

   [Record: District Court Orders; Ninth Circuit Disposition; Coram Nobis Order—no ruling excusing Rule 104(a) compliance]

9. Proceedings continued through trial, appeal, post-judgment review, and collateral proceedings.

   [Record: Jury Trial Jan. 2020; Judgment Dkt. 87; Ninth Circuit Appeal No. 20-30130; Coram Nobis Proceedings]

10. Continuation occurred after notice of nonperformance and without cure.

    [Record: Post-suppression rulings; Trial proceedings following Jan. 10, 2019 hearing; all subsequent stages]

11. Judicial authority to adjudicate dependent matters does not attach unless and until mandatory conditions precedent are satisfied or expressly excused on the record.

    [Authority: Fed. R. Evid. 104(a); separation of judge/jury functions]

12. Any judicial act that presupposes satisfaction of an unmet condition precedent is undertaken without lawful authority.

    [Authority: Fed. R. Evid. 104(a); admissibility as judicial gatekeeping]

13. Each ruling issued after notice that assumes the missing determination exceeds the court's delegated authority.

    [Record: Evidentiary admissions at trial; denial of Rule 29 motions; denial of Rule 33 motion; appellate affirmance]

14. Such acts are ultra vires.

    [Conclusion compelled by ¶¶ 11–13]

15. Where the court permits a jury to resolve predicates assigned by rule exclusively to the court, the court transfers a nondelegable judicial function to an unauthorized actor.

    [Record: Trial proceedings and jury instructions permitting jury to infer "stolen" status and knowledge without prior Rule 104(a) determination]

16. Such transfer is ultra vires.

    [Conclusion compelled by ¶¶ 11, 15]

17. Where the court imposes legal consequences without performing the required adjudicative act, it functions executively by implementing outcomes absent lawful adjudication.

[Record: Judgment and sentence entered without prior Rule 104(a) determination]

18. The omission was not cured at any stage.

    [Record: No corrective ruling at trial, on appeal, or in coram nobis proceedings]

19. After notice, continued proceedings constitute institutional attribution of nonperformance.

    [Record: Continuation after Jan. 10, 2019 suppression hearing through final disposition]

20. Responsibility attaches to the institution as a whole.

    [Conclusion compelled by ¶¶ 5–10, 18–19]

21. Unless and until the threshold determination is performed or its necessity is expressly denied on the record, adjudicative acts dependent on that determination remain ultra vires.

    [Conclusion compelled by ¶¶ 11–20]


Respectfully submitted,

/s/ John Gregory Alexander Herrin

Defendant–Appellant, Pro Se

February 05, 2026

John Gregory Alexander Herrin

3402 W Babcock St.

Bozeman, MT 59718

(406)437-2291

BYTHERGIG@PROTON.ME

Petitioner Pro Se

**FILED**

FEB 0 5 2026

Clerk, U.S. Courts
District of Montana
Butte Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>John Gregory Alexander Herrin<br><br>Petitioner. | Case No. 6:16-cr-00015-SEH<br><br>PUBLIC RECORD STATEMENT<br>OF NOTICE OF APPEAL AND<br>NOTICE OF CONTINUING UNRESOLVED<br>JUDICIAL DEFECT AND RESULTING ONGOING<br>CONSTITUTIONAL HARM FOLLOWING DENIAL<br>OF PETITION FOR WRIT OF CORAM NOBIS |

**PUBLIC RECORD STATEMENT**

*Continuing Unresolved Judicial Defect*

This statement records a procedural condition reflected in the court record.

Governing law assigns to the court a specific judicial determination. The rules specify the content of that determination, the stage at which it must occur, and the court as the sole authorized actor. Performance of that determination is a condition precedent to the lawful admission and use of evidence and to further adjudication dependent on that evidence.

PAGE 1 / 3

The court record contains no instance in which the required determination was performed. The absence of the determination was identified and placed before the court prior to trial and reiterated in subsequent proceedings. No court performed the determination. No court identified a location in the record where the determination occurred. No court held that the determination was unnecessary.

Proceedings nonetheless continued through trial, appeal, post-judgment review, and collateral proceedings. After notice of the omission, proceedings continued without cure.

Any judicial act that presupposes satisfaction of a mandatory condition precedent, where that condition has not been performed, is undertaken without lawful authority. Authority to adjudicate dependent matters does not attach until the prerequisite judicial act is completed or its necessity is expressly denied on the record.

Accordingly, each ruling issued after notice that assumes the missing determination—whether admitting evidence, denying relief, submitting predicates to the jury, or affirming outcomes—exceeds the court's delegated authority. Such acts are ultra vires because they depend on a judicial power that had not been lawfully activated.

Where the court permits a jury to resolve factual or legal predicates that the rules assign exclusively to the court, the court transfers a nondelegable judicial function to an unauthorized actor. That transfer is itself ultra vires. Where the court proceeds to impose legal consequences without performing the required adjudicative act, it functions executively by implementing outcomes absent lawful adjudication.

The omission was not cured at any stage. After notice, continuation of proceedings constitutes institutional attribution of the nonperformance.

Responsibility therefore attaches to the institution as a whole, not to any individual judge or ruling.

The record reflects:

(1) a mandatory judicial duty;

(2) nonperformance of that duty;

(3) notice of nonperformance; and

(4) continuation of proceedings that presuppose performance.

From those facts alone, it follows that adjudicative acts taken after notice were performed without authority and remain ultra vires unless and until the threshold determination is performed or its necessity is expressly denied on the record.

Respectfully submitted,

/s/ John Gregory Alexander Herrin

Defendant—Appellant, Pro Se

February 05, 2026

John Gregory Alexander Herrin

3402 W Babcock St.

Bozeman, MT 59718

(406)437-2291

BYTHERGIG@PROTON.ME

Petitioner Pro Se

FILED

FEB 0 5 2026

Clerk, U.S. Courts
District of Montana
Butte Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>John Gregory Alexander Herrin<br><br>Petitioner. | Case No. 6:16-cr-00015-SEH<br><br>MEMORANDUM IN SUPPORT<br><br>OF NOTICE OF APPEAL AND<br><br>NOTICE OF CONTINUING UNRESOLVED<br><br>JUDICIAL DEFECT AND RESULTING ONGOING<br><br>CONSTITUTIONAL HARM FOLLOWING DENIAL<br><br>OF PETITION FOR WRIT OF CORAM NOBIS |

COMES NOW Defendant-Appellant, John Gregory Alexander Herrin, and enters into the record a Memorandum in Support of Notice of Appeal and Notice of Continuing Unresolved Judicial Defect and Resulting Ongoing Constitutional Harm Follwoing Denial of Petition for Writ of Coram Nobis.

This appeal records that a mandatory judicial determination required as a condition precedent to the admission and use of evidence was never performed. The law requires that determination to be rendered, either affirmatively or to the contrary, before proceedings may lawfully continue. The absence of the determination was identified and placed before the court prior to trial and

PAGE 1 / 6

reiterated thereafter. No court performed the determination, no court identified where it exists in the record, and no court held that it was unnecessary. Proceedings nevertheless continued through trial, appeal, post-judgment review, and collateral proceedings. After notice of the omission, proceedings continued without cure. From that point forward, the proceedings were not conducted lawfully as a matter of law, and all subsequent actions occurred in the absence of the required judicial predicate.

## I. JURISDICTIONAL STATEMENT

This appeal arises from the District Court's denial of Defendant–Appellant's Petition for Writ of Coram Nobis, which constitutes a final post-judgment order.

A timely Notice of Appeal was filed.

This Court has appellate jurisdiction.

## II. ISSUE PRESENTED

Whether criminal proceedings may lawfully continue where a threshold judicial determination required before the admission and use of evidence was raised, noticed, and never performed, and where no court has identified where such determination exists in the record.

## III. STATEMENT OF THE CASE (PROCEDURAL)

1. Prior to trial, Defendant formally raised a threshold procedural defect requiring judicial resolution before proceedings could lawfully continue.

2. The defect concerned the absence of a required judicial determination that functioned as a predicate condition to the admission and use of evidence.

3. The defect was presented to the District Court by written motion and supporting briefing.

4. The District Court denied relief without performing the required determination.

5. The District Court did not rule affirmatively or negatively on the existence of the predicate condition.

6. The District Court did not hold that the determination was unnecessary.

7. Proceedings continued without the identified determination ever having been made.

8. Evidence was admitted and relied upon despite the unresolved predicate issue.

9. Trial proceeded to verdict and judgment without the required determination having been performed.

10. The unresolved defect was raised on direct appeal.

11. No appellate court identified where in the record the threshold determination was made.

12. No appellate court held that the determination was not required.

13. Defendant thereafter sought coram nobis relief for the limited purpose of compelling performance of the judicial determination omitted from the original proceedings.

14. The Petition for Writ of Coram Nobis did not seek reweighing of evidence, reconsideration of factual findings, or substitution of judgment.

15. The Petition sought only completion of a required judicial act that had never occurred.

16. The District Court denied the Petition without performing the omitted determination.

## IV. ARGUMENT

Proceedings Continued Without Performance of a Required Judicial Act After Notice:

1. The threshold judicial determination at issue functioned as a necessary predicate to the lawful admission and use of evidence.
2. The determination was required to occur before evidentiary rulings could be meaningfully made.
3. The absence of the determination was identified and placed before the District Court prior to trial.
4. The District Court declined to perform the determination and declined to state that the determination was unnecessary.
5. Proceedings nonetheless continued.
6. Once the predicate determination was left unresolved, subsequent evidentiary rulings lacked a lawful foundation because the condition precedent to their validity had never been satisfied.
7. The unresolved predicate deprived Defendant of the ability to meaningfully challenge admissibility, scope, or relevance of evidence, as such challenges presuppose resolution of the threshold issue.
8. The defect was not cured at trial.
9. The defect was not cured on appeal.
10. The defect remains uncured following denial of coram nobis relief.
11. No court has identified where in the record the omitted determination exists.

## V. ONGOING CONSTITUTIONAL HARM

1. The failure to perform the threshold judicial determination deprived Defendant of the ability to present a complete defense.
2. The continuation of proceedings without resolving the defect rendered subsequent rulings incapable of lawful foundation.
3. Defendant was subjected to trial, conviction, and continuing legal consequences without the procedural safeguard required at the outset.
4. The harm resulting from the unresolved defect is ongoing and has not been cured by any subsequent proceeding.
5. Each continuation, denial, or affirmance issued after notice of the defect constitutes an independent continuation of the original procedural deprivation.

## VI. RELIEF REQUESTED

Defendant—Appellant respectfully requests that this Court:

1. Identify where in the record the threshold judicial determination was performed; or
2. Remand the matter with instructions that the District Court perform the threshold judicial determination that was omitted.

## VII. CONCLUSION

This appeal does not ask this Court to reweigh evidence, resolve factual disputes, or reconsider matters of trial strategy. It asks only whether a required judicial act was ever performed, and if not, whether proceedings may lawfully continue in its absence.

Respectfully submitted,

/s/ John Gregory Alexander Herrin

Defendant—Appellant, Pro Se

February 05, 2026